UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE O. MITCHELL,

                Petitioner,

v.

MARK STRONG,

                Respondent.

No. C16-5069 BHS-KLS

**REPORT AND RECOMMENDATION**
**Noted for:  September 23, 2016**

      Petitioner George O. Mitchell is confined at the Special Commitment Center (SCC) as a Sexually Violent Predator (SVP) pursuant to an Order of the Pierce County Superior Court entered on June 27, 2003.  Dkt. 11, App. A.  In his habeas petition, Mr. Mitchell challenges the state trial court's denial of his 2013 petition seeking unconditional discharge. Dkt. 5, at 2. Respondent sought dismissal of the habeas petition on the grounds of exhaustion.  Dkt. 11.  Mr. Mitchell argued that his petition should not be dismissed on exhaustion grounds but alternatively argued that the Court should grant a stay, while he returned to state court to exhaust his claims. Dkt. 14 and 16.

      Because it was not entirely clear what claims Mr. Mitchell was pursuing, the undersigned recommended that Respondent's motion to dismiss be denied without prejudice, that Mr. Mitchell be given an opportunity to clarify his claims, and that the parties provide briefing on exhaustion and/or the merits of the clarified claims.  Dkt. 18 (Report and Recommendation

REPORT AND RECOMMENDATION - 1

("R&R")). Mr. Mitchell filed objections to the R&R and provided additional briefing about his claims. On July 18, 2016, the District Court declined to consider the new information and advised Mr. Mitchell that he should present the information in an amended habeas petition or in further briefing after the matter was re-referred to the undersigned. Dkt. 21.

On August 5, 2016, Mr. Mitchell filed a motion to dismiss his habeas petition without prejudice so that he may re-file a fully exhausted petition at a later date. Dkt. 22 at 3. Respondent has filed no reply.

## DISCUSSION

A petitioner may voluntarily dismiss an action without leave of court before service by the adverse party of an answer or motion for summary judgment. Fed. R. Civ. P. 41(a). Otherwise, an action shall not be dismissed except upon order of the court and upon such terms and conditions as the court deems proper. *Id*. Here, Respondent filed an answer to the habeas petition and filed relevant portions of the state court record before Mr. Mitchell filed his motion to voluntarily dismiss his habeas petition. *See* Dkt. 11 and Supplements 1-5. However, Respondent filed no papers in opposition to Mr. Mitchell's voluntary motion to dismiss and the Court finds that dismissal as requested by Mr. Mitchell is appropriate.

## CONCLUSION

Based on the foregoing, the undersigned recommends that the Court grant petitioner's motion to voluntarily dismiss his petition without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).   Accommodating the time limit

REPORT AND RECOMMENDATION - 2

imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 23, 2016**, as noted in the caption.

**DATED** this 8th day of September, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3